GEORGE HUBER, PROSECUTOR, v. MODERN CENTRAL SILK DYEING AND FINISHING CO., RESPONDENT.

Argued January 17, 1939—Decided March 2, 1939.

Before Justices CASE, DONGES and PORTER.

For the prosecutor, *Harry Joelson* (*Isadore Rabinowitz,* of counsel).

For the respondent, *Kellogg & Chance* (*R. Robinson Chance,* of counsel).

The opinion of the court was delivered by

PORTER, J. This case arises out of a claim for compensation under the Workmen's Compensation act and is here for review on a writ of *certiorari.*

The prosecutor, George Huber, was employed by the respondent, Modern Central Silk Dyeing and Finishing Co., and in the course of his work would daily lift pieces of wet fabrics, each weighing from fifty to one hundred pounds. He claims that on December 23d, 1936, while at work, he experienced pain on the right side of his abdomen and that he later ascertained that he was suffering from an inguinal hernia. He was awarded compensation by the Workmen's Compensation Bureau, it being held that he had established by the proofs that he had suffered a compensable hernia and was awarded permanent disability for a period of twenty weeks at the rate of $17.60, together with certain allowances for the cost of a truss, and for services of a physician and the attorney. An appeal was taken to the Court of Common Pleas of Passaic county which resulted in the approval of the award and the dismissal of the appeal.

In dismissing the appeal we feel that the court was in error for the reason that the proofs did not establish by the conclusive proof required by the statute (*R. S.* 34:15-12x) that the hernia "was immediately caused by such sudden effort or severe strain that, first, the descent of the hernia immediately followed the cause; second, that there was severe pain in the hernial region; third, that there was such prostration that the employe was compelled to cease work immediately; fourth, that the above conditions were of such severity that the same was noticed by the claimant and communicated to the employer within twenty-four hours after the occurrence of the hernia * * *; fifth, that there was such physical distress that the attendance of a licensed physician was required within twenty-four hours after the occurrence of the hernia." The legislature recognized inguinal hernia as a disease which, it stated, was rarely the result of an accident and precluded compensation in the absence of "puncturing or tearing the wall" unless *conclusive proof* established the five points carefully enumerated and as above quoted.

It is not enough that a workman sustain a hernia arising out of and in the course of his employment, but it must also be established by conclusive proof that each of the said five

conditions occurred. A review of the testimony fails to show such prostration as the statute requires no such physical distress that required the attendance of a licensed physician within twenty-four hours. The fact that no physician was called and that none treated the prosecutor for a period of six days in itself is strong evidence of no such prostration or the physical distress contemplated by the statute. In the face of that situation it cannot be said that the proofs were conclusive of the establishment of the statutory requirements. *Cf. Prino* v. *Austin Co.,* 121 *N. J. L.* 518.

It follows that the judgment below is reversed, without costs.